**QUI RONG CHEN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 06–0271–ag.

United States Court of Appeals, Second Circuit.

Sept. 8, 2006.

Khaghendra Gharti–Chhetry, New York, NY, for Petitioner.

Catherine L. Hanaway, United States Attorney, Andrew J. Lay, Assistant United States Attorney, St. Louis, MO, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Qui Rong Chen, a native and citizen of the People's Republic of China, seeks review of a December 23, 2005 order of the BIA affirming the August 2, 2004 decision of Immigration Judge ("IJ") Robert D. Weisel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Qiu Rong Chen,* No. A 79 629 738 (B.I.A. Dec. 23, 2005), *aff'g* No. A 79 629 738 (Immig. Ct. N.Y. City Aug. 2, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003).

The BIA erred to the extent that it found that Chen was not eligible for asylum because her particular social group was too "broadly-based" in light of *Gomez v. INS,* 947 F.2d 660, 664 (2d Cir.1991) (stating in dicta that "possession of broadly-based characteristics such as youth and gender will not by itself endow individuals with membership in a particular group"). However, the Court clarified in *Hong Ying Gao v. Gonzales,* 440 F.3d 62 (2d Cir.2006), that *"Gomez* can reasonably be read as limited to situations in which an applicant

18

fails to show a *risk* of future persecution on the basis of the "particular social group" claimed, rather than as setting an *a priori* rule for which social groups are cognizable." 440 F.3d at 69. Additionally, the IJ's own determination about whether Chen adequately set forth a particular social group was unclear, and the record indicates that the IJ did not rule out the possibility that Chen had raised a legitimate social-group claim, when he acknowledged that there was "an objective basis for [her] claim of being kidnapped" or "subjugated."

 Further, the IJ's finding that it was reasonable for Chen to relocate was flawed. First, the IJ's decision rested in part on his having erroneously shifted the burden onto Chen of demonstrating "that she would be unable to relocate to another part of China." 8 C.F.R. § 1208.13(b)(1)(i)(B) and (ii). Second, the IJ failed to properly evaluate whether it was reasonable for Chen to do so. Despite the obligation to assess Chen's circumstances, the IJ focused solely on his determination that Chen was able to avoid being "mistreated or molested" in Hong Kong during her temporary stay en route to the United States. Even assuming that the IJ correctly found that Chen could avoid persecution in Hong Kong, the IJ neglected to address such matters as whether it was economically or socially feasible for Chen to remain there, and the Government failed to explore the reasonableness of relocation at the hearing. 8 C.F.R. § 1208.13(b)(3). Substantial evidence therefore did not support the BIA's and IJ's determination that it would be reasonable to expect Chen to relocate to China.

 Because no "error-free portions" of the BIA's or IJ's decisions remain, we remand this case and need not decide whether the IJ would reach the same conclusion notwithstanding the errors. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434

F.3d 144, 161–62 (2d Cir.2006). Given that the petitioner has failed to sufficiently argue the BIA's and IJ's denial of her CAT claim before this Court, any such argument is deemed waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n. 8 (2d Cir.2002). Furthermore, this Court lacks jurisdiction to review any arguments regarding Chen's CAT claim because they have not been exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision.